McFarland, J.,
delivered the opinion of the court.
From the voiuminous record of bills, cross-bills, and answers, etc., many of which are very inartificial, we extract facts enough to present the questions to be decided.
The litigation began by a bill filed by the “Thomas heirs,” as they may be for convenience styled, against W. C. Leach, their former guardian, J. W. Summar, his surety, Wm. Barton, and D. M. Jarratt. The object was to obtain a decree against Leach, their former guardian, and Summar, his surety, and to collect the amount by tbe sale of a tract of land that belonged to Summar, but which he had conveyed to Barton in trust to secure a debt due D. M. Jarratt, for the payment first of Jarratt’s debt, and then to reach the surplus. The defendants to this bill made no sufficient defense, but soon after J. P. Floyd filed wbat is called a cross-bill to the first named case, but, strange to say, none of the parties to the original case are made parties to this cross-bill. It charges in substance, that while Summar was the surety of Leach, as guardian of the Thomas heirs, the latter [Leach] conveyed to Summar a *551 tract of land known in this record as the Bethel lands, by an absolute deed, but that in fact it was to secure Summar as Leach’s surety as aforesaid, and this it may be stated, is-now an admitted fact. The bill also charges that Summar -sold this land to one Bethel; and makes other allegations which it is not necessary to mention, inasmuch as it will hereafter appear that title to this Bethel land is not now-in dispute, Bethel, or his vendee, having paid the price into court, and by consent of all parties the litigation is over the. money. Floyd further charges in his bill that he had purchased from Summar a tract of land, the same we infer, upon which Jarratt held the deed of trust, on which the Thomas heirs claimed a lien, and he; Floyd, assumed to pay soon-e of these heirs whatever judgment they might get against Summar; and he claims that he has the right to compel the Thomas heirs to marshal their securities and first exhaust the funds arising from the sale of the Bethel lands before they can come upon the lands he purchased from Summar.
This bill further charges that Wm, and J. H. Rhodes and Mat Elrod had levied upon the Bethel lands upon judgments against Leach, and had sold and purchased them, but charges that they got no title. This bill only makes Wm. and J. H. Rhodes, Mat Elrod, Bethel, and one Odum, in whom it says the legal title is vested, defendants; the Rhodes and Elrod claiming that they obtained title by their purchase of the Bethel lands. Subsequently, Wm. and J. II. Rhodes filed their bill, in which they show that their judgments were against Leach and also' against the said Summar. They concede in substance that they obtain no title under their execution sale of the. Bethel lands, but they insist that if the Thomas heir's take the proceeds of the Bethel lairds from them, that they have the right to reach the amount due from Floyd to Summar, on the land sold by the latter to the former. That is, that upon this sale Floyd assumed to pay $1,000 to one of the Thomas heirs, *552 and. if the Thomas heirs are. paid out of the proceeds of the Bethel lands, then this $1,000 will be still due from Floyd to Summar, he having retained that 'amount in his hands; and as their judgment is against Summar as well as Leach, that they have the rig’ht to reach this sum for the satisfaction of their judgments; and for this purpose they attach this fund.
The only issue of fact material to be noticed, made by the answer of Floyd and Summar to this bill is, that Floyd says that he assumed to pay to one of the Thomas heirs, Mrs. Robertson, whatever .judgment she might recover against Summar — $1,000 only was mentioned as the probable amount — and insists that he is only bound to pay to the said Thomas heirs so much of this sum as the fund arising from the Bethel lands fails to pay her. This answer also says that his title to the land bought of Summar is being contested in another case against him; that he is unwilling to pay whatever he may owe until this case is settled; but there is no further allusion to this subject. '
The causes were consolidated and heard together. The chancellor dismissed the bill of Rhodes with costs, granted relief upon the bill of Floyd by directing the proceeds of the Bethel lands to be applied to the satisfaction of the sum due the Thomas heirs, and if this was not sufficient tO' pay the Thomas heirs and costs, then Floyd is to pay the balance, provided it does not exceed the amount assumed by Floyd, and provided he does not lose the title to' the land bought of Summar.
Whi. and J. H. Rhodes alone appealed, and the question is, is the decree erroneous as to them, and we, thinh it is. The decree of the chancellor directing the proceeds of the Bethel lands to be applied to the payment of the Thomas heirs, might be correct if the proper parties had been made to obtain this relief, inasmuch as the debt was the debt of Leach, and the proceeds of the Bethel lands were in equity to the funds of Leach, as between him and *553 Summar it would be equitable that this money should pay the debt. Tins part of the decree will not be disturbed.
We do not hold, as argued by the counsel for Rhodes, that they obtained a lien on the Bethel lands by their levies, and that the Thomas heirs having a prior lien on this land and also on the lands of Summar sold to Floyd, that they can compel the Thomas heirs to resort to the Summar land upon the principle that when one creditor has a choice of two funds, and another creditor has a lien on one of two funds, the former will be compelled to resort to the fund upon which the latter has no lien. The difficulty in this view would be to show that the Rhodes acquired by lien by their levies on the Bethel lands. See Lane v. Marshall, 1 Heis., 30. Nor do we hold that Rhodes can be substituted to the lien of the Thomas heirs upon the Summar lands, but the bill of Rhodes makes a proper case to have the satisfaction of their judgments against Leach and Summar set aside, upon the ground that- they got no title to the Bethel lands. And if the debt of the Thomas heirs be paid in whole or in part by the proceeds of the Bethel lands, without requiring Floyd to pay the whole amount he assumed to pay them out of the price of the land bought of Summar, then Floyd will owe that balance to Summar, and the judgment of Rhodes being against Summar as well as Leach, and both being insolvent, and the fund having been attached by Rhodes, and there being no attempt to discharge or resist this attachment, we see no reason why they are not entitled to appropriate this fund. It has been said Floyd claims that the amount due from him to Summar has been absorbed by other debts against Summar, but we see no such allegation either in his bill or in his answer to the Rhodes bill, nor do we see any sufficient, denial by him that he will, in the event indicated, be indebted to Summar in the same amount.
The decree will be reversed and the cause remanded to ascertain, by a proper account, the amount that will be *554 owing from Floyd to Summar, after paying the Thomas heirs whatever the proceeds of the Bethel lands may fail to pay them, and this the Rhodes will be entitled to recover,to be appropriated to their judgments.
The costs of the court will be paid by Floyd.